## MARTHA D. MOORE *vs.* PARKER WEAVER.

By a devise to the testator's daughter, " during the term of her natural life, and after her decease to her children, with liberty to devise the same at her discretion; but if she should decease without any such devise, then my will is, that all her children inherit the same, share and share alike, to them, their heirs and assigns forever; " all the children of the daughter, whether born before or after the death of the testator, take vested remainders upon the death of the daughter, if not immediately upon the death of the testator; defeasible by devise, but not by deed, of the tenant for life; and by virtue of the Rev. Sts. *c.* 62, § 24, the issue of one of such children who dies after the making of the will, and before the death of the testator, take the parent's share.

WRIT OF ENTRY to recover an undivided part of land in Swansey, devised to the demandant during widowhood by her late husband Francis Moore.

At the trial in the superior court before *Russell,* J. the following facts were admitted :

Hannah Martin, under whom both parties claimed, died seised of the land in question in September 1816; and by her will, made in June 1812, devised it to her daughter Elizabeth Diman, " during the term of her natural life, and after her decease to her children, with liberty to devise the same at her discretion ; but if she should decease without any such bequest or devise, then my will is, that all her children inherit the same, share and share alike, to them, their heirs and assigns forever."

Elizabeth Diman, at the time of her mother's death, was married for the second time. She had by her first marriage one son, Thomas Moore, who died about six months before the testatrix, leaving four children, of whom two at the time

of the trial still survived; one had died intestate and without issue; and the fourth, Francis Moore, the demandant's husband and devisee, had died in 1851. By her second husband, who died in 1822, Elizabeth had six other children, of whom five were living at the time of the trial, and one had died intestate and without issue in 1822, before his father. Elizabeth died in February 1855, intestate, having in 1826, together with her five surviving children, conveyed the land in question to Charles Collins, whose title the tenant had.

The tenant requested the judge to instruct the jury as follows: " That the will of Hannah Martin gave to Elizabeth Diman the lots of land in question in fee simple : That the power to Elizabeth, contained in the will of Hannah Martin, was well executed by her deed to Charles Collins: That if Elizabeth had only a life estate, the remainder to her children did not vest until the death of the testatrix or of the tenant for life; that the remainder was only to go to the class of children of Elizabeth at the time of her death, or of the death of the testatrix; and that Thomas Moore, from whom the demandant claimed title, having died before either of these dates, the demandant was not entitled to recover : That the Revised Statutes, *c.* 62, § 24, do not apply to this case, and give the representatives of a deceased child of said Elizabeth, who died before either of said dates, a right to the share of their ancestor, had he lived : That the remainder, if any, vested in a class of persons, and that those only who comprised that class at the death of the testatrix could take."

But the judge instructed the jury, " that upon the facts shown the demandant was entitled to recover one undivided twenty-first part of the lots in question; and, against the tenant's objection, that she could recover in this form of action." The jury returned a verdict for the demandant accordingly, and the tenant alleged exceptions.

After the verdict was rendered the parties agreed that the deceased child of Elizabeth by her second marriage died after his father, and that if the demandant could recover at all the verdict should be amended accordingly by adding one undivided one-hundred-and-forty-seventh part.

*J. Brown,* for the tenant.

*E. H. Bennett,* for the demandant.

BIGELOW, C. J. By the will of Hannah Martin, her daughter took a life estate only in the real estate of which the testatrix died seised, and the remainder vested in fee simple in the daughter's children. The devise comes within the provisions of the Rev. Sts. *c.* 59, § 9. *Richardson* v. *Wheatland,* 7 Met. 169. *Weld* v. *Williams,* 13 Met. 486. The power conferred on the tenant for life to dispose of the estate by will did not affect the nature of the estate which passed to her children. This power not having been exercised, their estate took effect absolutely *secundum formam doni.* It was defeasible only on an event which did not take place. The case does not raise the question whether the remainder vested at the death of the testatrix, or was contingent until the death of the tenant for life. If the devise had been to "the heirs" of the first taker, its construction would have been open to grave doubt. *Richardson* v. *Wheatland, ubi supra.* But by the gift of the remainder to the children of her daughter, with a distinct declaration that "all her children" are to take, a clear intent is manifested to create a vested remainder in those born after as well as before her death. To carry into effect such intent the remainder must be held to be capable of opening to admit afterborn children. *Bowers* v. *Porter,* 4 Pick. 198. By virtue of the Rev. Sts. *c.* 62, § 24, the issue of the daughter's son by her first marriage, who died before the testatrix, took his share. Our opinion of the construction and effect of this devise accords with that given to it by the supreme court of Rhode Island in *Moore* v. *Dimond,* 5 R. I. 121.     *Exceptions overruled.*